[620 NYS2d 568]

GOVERNOR AND COMPANY OF THE BANK OF IRELAND, Respondent, v FRANK BERGER et al., Appellants, et al., Defendants.

Third Department, December 29, 1994

## APPEARANCES OF COUNSEL

*Francis J. Roche,* Hudson, for appellants.

*Muldoon, Horgan & Loughman,* New Rochelle *(Edward D. Loughman, III,* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J.

In April 1988, defendants Frank Berger and Judith Berger (hereinafter defendants) borrowed from plaintiff at its London branch the sum of 750,000 British pounds sterling in accordance with the terms of a March 28, 1988 facility (the British equivalent of a promissory note) providing for quarterly payments of interest at a rate equal to "3% over the current Bank of Ireland Ordinary Base Rate" and a "bullet" payment of the entire principal sum at the end of three years. The loan was secured in part by two mortgages on real property in Columbia County. Upon defendants' default in repayment of interest and principal, plaintiff brought this action to foreclose the mortgages. In a succession of summary judgment motions, there emerged contested issues concerning the correct law to be applied and, once that question was resolved in favor of English law, the applicable "base rate" of interest and whether plaintiff was permitted to compound interest quarterly. Ultimately, Supreme Court agreed with plaintiff that its United Kingdom base rate applied and that it was entitled to compound interest quarterly and granted summary judgment in favor of plaintiff. Defendants now appeal.

There should be an affirmance. Initially, we agree with Supreme Court that the affidavits of Michael Doyle, Head of Recovery for plaintiff's credit department, a banker with 16 years experience, and Michael Parker, a solicitor familiar with the laws of England and particularly those involving banking, established prima facie plaintiff's right to interest compounded quarterly and the applicable base rate for a loan of British pounds sterling. As to the former, plaintiff's experts expressed the settled law in the United Kingdom, of which Supreme Court properly took notice (CPLR 4511 [b]), that a bank may not only charge compound interest on unpaid installments of interest, but compounding is presumed in such event. As to the applicable base rate, custom and usage dictates that the rate be set with respect to the funds that were loaned, in this case British pounds sterling. As persuasively reasoned in the Opinion Letter annexed to the Parker

affidavit, "It defies commercial logic to suggest that [plaintiff] would apply an interest rate on a sterling loan which reflected the cost to it of acquiring U.S. Dollars, Irish Pounds or any other currency." We also agree with Supreme Court that defendants failed to competently oppose plaintiff's showing, thereby requiring that its motion be granted.

In our view, defendants have incorrectly relied upon obiter dictum in the case of *National Bank v Pinios Shipping Co. No. 1* (1 All ER 78 [1989]) for the illogical conclusion that, absent a concession (as happened to have been present there), interest may not be compounded quarterly (as opposed to annually or semiannually) without a separate evidentiary showing as to custom and usage. Patently, the case does not stand for that proposition, and, in any event, the evidentiary showing defendants would require has been supplied by plaintiff. Similarly, defendants have improperly relied upon excerpts from the general law of England for the unsound conclusion that, even in the face of wholly uncontroverted evidence on the issue of commercial or trade usage, a trial cannot be avoided. Quite the opposite, an unwarranted and intolerable burden on commercial lenders would be imposed if we required a full trial every time a flagrantly defaulting mortgagor makes a self-serving claim of ignorance of well-established prevailing commercial practices.

As a final matter, having failed to appeal Supreme Court's prior order determining that the law of England applies, defendants may not now contend that Supreme Court should have applied New York law.

PETERS, J. (dissenting in part and concurring in part). Mindful that this is a motion for summary judgment, while I agree with the majority that plaintiff has made a prima facie showing that it is the customary practice of the banks of England to charge compound interest on a debt until repayment, plaintiff has failed to make such a showing with respect to the customary practice of compounding interest quarterly. Even the case relied upon by plaintiff's experts notes that such practice is not necessarily well established with respect to quarterly interest *(see, National Bank v Pinios Shipping Co. No. 1,* 1 All ER 78 [1989]).

MIKOLL, J. P., CREW III and YESAWICH JR., JJ., concur with MERCURE, J.; PETERS, J., dissents in part and concurs in part in a separate opinion.

Ordered that the order is affirmed, with costs.